UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LUX VERITAS E.E. TRUST and NICHOLAS DAVID PAUL SEDLOCK,** Trustee of Lux Veritas E.E. Trust**,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WAYNE SERVICE, INC., TERA JACKSON-DAVIS,** Clerk of the 36th District Court, **J. WALSH,** Officer, **and M. TAYLOR**, Officer**,**<br><br>Defendants. | **2:26-CV-11960-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING APPLICATION TO PROCEED INFORMA PAUPERIS (ECF NO. 2),**<br><br>**SUMMARILY DISMISSING COMPLAINT,**<br><br>**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AS MOOT (ECF NO. 5)**<br><br>**AND DENYING MOTION FOR ADMINISTRATIVE CASE REASSIGNMENT AS MOOT (ECF NO. 8)** |

Plaintiffs Lux Veritas E.E. Trust and Nicolas David Paul Sedlock, as Trustee of Lux Veritas E.E. Trust, proceeding pro se, bring this civil rights lawsuit against four Defendants: Wayne Service, Inc., Tera Jackson-Davis, Clerk of the 36th District Court, and Detroit Police Officers J. Walsh and M. Taylor. ECF No. 1. Plaintiffs complain that Defendants violated their constitutional rights during the course of a traffic stop and seizure of Sedlock's vehicle, and subsequent court proceedings in the Michigan 36th District Court. Plaintiff Sedlock filed

an application to proceed without prepaying fees or costs, ECF No. 2, and Plaintiffs have also filed a motion for temporary restraining order and preliminary injunction seeking return of the vehicle and waiver of all towing and storage fees and an injunction against interference with the Trust's property and Sedlock's participation in judicial proceedings, ECF No. 5, and a motion for administrative case reassignment, seeking reassignment to a different District Court Judge. ECF No. 8.

For the reasons stated below, Sedlock's application to procced as a pauper will be **GRANTED,** Plaintiffs' Complaint will be **SUMMARILY DISMISSED**, and the motions for temporary restraining order and preliminary injunction and for administrative case reassignment will be **DENIED AS MOOT**.

## I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Sedlock, as trustee for Lux Veritas E.E. Trust, filed an application to proceed in forma pauperis—that is, without prepaying filing fees, pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. The affidavit accompanying the application states that Sedlock is currently the self-employed owner of "Nicholas David Paul Sedlock L.L.C." and that he has no income He further represents that he has $1.41 in a checking or savings account. He does not list any other assets, expenses, or dependents, and states that he has "gained financial obligations because of the defendants' actions, which have left [him] and the LUX VERITAS TRUST to be unable to afford the filing fee's [sic] needed." *Id.* This

2

information provided in the affidavit adequately shows that Sedlock is indigent, so the Court will **GRANT** the application as to him and allow the Complaint to be filed on his behalf.

However, Sedlock also purports to file this Complaint on behalf of Lux Veritas E.E. Trust, as its trustee. *See* ECF No. 1. Sedlock may not proceed *pro se* on behalf of the Trust. Rather, the Lux Veritas E.E. Trust must be represented by an attorney. *See, e.g., Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 WL 2051967, at *3 (E.D. Mich. Feb. 28, 2019) (Davis, M.J.) ("[T]he consensus among courts is that trusts must be represented by an attorney."), *report and recommendation adopted sub nom. Williams Huron Gardens 397 Tr. v. Waterford Twp.*, 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019) (Edmunds, J.). The rationale behind the requirement that corporations and other artificial entities must appear through a licensed attorney has been extended to trusts by numerous courts in this and other Circuits. *See Miedel v. North Star Recovery LLC*, No. 25-11059, 2025 WL 4069071, at *3 (E.D. Mich. Oct. 3, 2025) (Altman, M.J.) (collecting cases), *report and recommendation adopted*, 2026 WL 868869 (E.D. Mich. Mar. 30, 2026) (Kumar, J.). Thus, Sedlock cannot appear on behalf of the Lux Veritas E.E. Trust *pro se*. Sedlock must retain counsel for the Trust in order for the Trust to bring a lawsuit. However, because the Complaint will be summarily dismissed, as discussed below, that requirement is moot.

## II.   INITIAL REVIEW OF COMPLAINT

### A. Standard of Review

Once a complaint has been filed in forma pauperis, the Court must review it to ensure that it is not frivolous or malicious, that it plausibly states a claim for relief, and that it does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Federal courts are also under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Dismissal for lack of subject matter jurisdiction occurs pursuant to Rule 12(b)(1). A complaint lacks jurisdiction on its face only if federal jurisdiction cannot be established even when "all allegations of the plaintiff [are] considered as true." *Abbott*

4

*v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

### B. Allegations in the Complaint

According to Plaintiffs' Complaint, on April 23, 2026, Defendant Detroit Police Officers M. Taylor and J. Walsh stopped Sedlock when he was driving a 2016 Ford Explorer owned by Lux Veritas E.E. Trust. ECF No. 1, PageID.12, 20–23. Although the Complaint does not state why Sedlock was stopped, according to a pleading that Sedlock filed as a prior habeas corpus petition in this Court regarding this same traffic stop, the officers issued Sedlock a misdemeanor citation for driving an unregistered vehicle, driving with an invalid or improper license, and having improper plates, and the vehicle was seized. *Sedlock v. Archer, et al.*, Case No. 26-11416 (E.D. Mich.) (ECF No. 1, PageID.33).[1] The officers called Defendant Wayne Service Inc. to tow Sedlock's vehicle. ECF No. 1, PageID.12, 20–23. Sedlock alleges that his vehicle has not been returned to him. *Id.*

---

[1] That habeas case was summarily dismissed on May 29, 2026. *Sedlock v. Archer, et al.*, Case No. 26-11416 (E.D. Mich.) (ECF Nos. 6, 7).

Sedlock states in his Complaint that he went to the 36th District Court on April 28, 2026 to file "documents to protect [his] rights in Case No. 2026-SP19025431," but that the Court Clerk, Defendant Tera Jackson-Davis ("Jackson-Davis" or "the clerk"), refused to file his paperwork. *Id.* He alleges that he returned to court on or about May 5, 2026, and the clerk again refused to file his documents, and also refused his "mailed submissions," telling him that he "could not access the court unless [he] admitted to being the PERSON on the DOCKET 'SEDLOCK/NICHOLAS/DAVID/PAUL.'" *Id.* Sedlock alleges that he attempted to "enter the court's Zoom hearing" on May 14 and 28, 2026, but was denied access because he would not admit that he was the individual identified by the name appearing on the docket, and that the clerk told the presiding judge that no one appeared. *Id.* He contends that as a result, he has been unable to retrieve the 2016 Ford Explorer. *Id.*

On June 11, 2026, Plaintiffs filed the instant Complaint against Defendants Taylor, Walsh, Wayne Service Incorporation, and Jackson-Davis, alleging the following claims: (1) 42 U.S.C. § 1983: Unlawful Seizure (Fourth Amendment) against Defendants Taylor, Walsh, and Wayne Service Inc.; (2) 42 U.S.C. § 1983: Denial of Access to Courts and Due Process (First and Fourteenth Amendments) against Defendant Jackson-Davis; (3) 42 U.S.C. § 1986: Neglect to Prevent Civil Rights Violations against all Defendants; and (4) Breach of Fiduciary Obligations to the Trust/Unjust Enrichment, by the Lux Veritas E.E.

Trust against all Defendants. ECF No. 1, PageID.23–26. He seeks injunctive relief, compensatory damages in the amount of $1,750,000.00, and punitive damages. *Id.*

### C. Discussion

#### 1. Failure to state a claim

Courts have repeatedly rejected, as frivolous, claims based on a theory of "sovereign citizenship", which are subject to *sua sponte* dismissal "without extended argument." *Banks v. Ryan*, No. 24-cv-2988, 2025 WL 2412166, at \*1 (W.D. Tenn. June 25, 2025) (citing cases), *report and recommendation adopted*, 2025 WL 2017879 (W.D. Tenn. July 18, 2025). As one court explained,

> Sovereign Citizens is a loosely-affiliated group that believes that state and federal governments are illegitimate and therefore have no authority to regulate their behavior. *See United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). Adherents to the theory believe that they are "natural humans" (or sovereigns), and that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). A Sovereign Citizen may, for instance: rely on the U.C.C.; claim that the use of his name constitutes copyright/trademark infringement; claim that the U.S. Government is bankrupt and operates on a credit system that uses U.S. citizens as collateral; assert that he is proceeding in trust; assert that his status as sovereign citizens differs from fictional individuals identified by a birth certificate or social security number; or preface his name with "All Rights Reserved." *See, e.g., Wood*

*v. United States*, 161 Fed. Cl. 30, 34 (2022); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Lebron v. BMW Fin. Servs.*, No. 6:21-cv-958, 2021 WL 9594003 (M.D. Fla. Dec. 13, 2021); *Presley v. Prodan*, No. 3:12-3511, 2013 WL 1342465 (D.S.C. Mar. 10, 2013) (collecting cases), report adopted, 2013 WL 1342539 (D.S.C. April 2, 2013).

*El-Bey v. North Carolina Dep't of Pub. Safety*, No. 5:21-CV-00084-MR, 2023 WL 1073721, at *4 (W.D.N.C. Jan. 27, 2023).

Although Sedlock does not explicitly identify himself as a sovereign citizen, the allegations in the Complaint and subsequent pleadings bear all the hallmarks of similar claims that use the sovereign citizen term. The Complaint is premised on theories that Sedlock is somehow exempt from complying with state traffic laws and/or from state court proceedings on the basis that he is "a living man, a natural person created by God," that he was "traveling privately in the Trust's private motor carrier" "operated exclusively for private, non-commercial purposes and is not a commercial 'motor vehicle' subject to commercial traffic enforcement under applicable federal and state law," denying that he is the "'defendant' as alleged in the [state court] caption" and is instead an "authorized agent and beneficiary of the said estate," and that he "challenge[s] the jurisdiction of [the state] court" over him. *See, e.g.*, ECF No. 1, PageID.12, 19–21, 34–38. Sedlock signed the Complaint with "All Rights Reserved without recourse UCC 1-308." *See id.* PageID.27. The inclusion of "UCC 1-308" and similar disclaimers "is a frequent and common tactic by those who adhere to the sovereign citizen movement."

8

*See Maida v. United States*, No. 2:24-CV-02375-RFB-MDC, 2025 WL 48934, at *2 (D. Nev. Jan. 7, 2025) (citations omitted). As one court explained, sovereign citizens "sometimes sign their names along with the reference to UCC 1-308 on documents with the belief that they can preserve their 'common law rights' and avoid submitting to legal authority." *Holmes v. Town of Silver City*, No. 19 CV 448 JAP/CG, 2019 WL 4451131, at *3 n.4 (D.N.M. Sept. 17, 2019) (citing Leslie R. Masterson, *"Sovereign Citizens": Fringe in the Courtroom*, Am. Bankr. Inst. J., Mar. 2011, at 1, 66 (2011)), *aff'd*, 826 F. App'x 678 (10th Cir. 2020).

Accordingly, the Complaint contains sovereign citizen-type, or sovereign citizen "adjacent," theories that resemble those courts have dismissed as "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Burnett v. Michigan*, Case No. 1:24-cv-55, 2024 WL 3721741, at *7 (W.D. Mich June 18, 2024) (citing cases and recommending dismissal of *pro se* complaint for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) where plaintiff contended she possessed special status as a sovereign and was not subject to federal or state laws*), report and recommendation adopted*, 2024 WL 3466258 (W.D. Mich. July 19, 2024). Having carefully reviewed, Plaintiffs' Complaint, the Court finds it to be based on frivolous theories that warrant dismissal under *Apple v. Glenn* and *Younger*.

9

Further, Plaintiffs' claims against Officers Walsh and Taylor for unreasonable seizure in violation of the Fourth Amendment based on the issuance of a traffic citation must fail. It is well settled that a police officer's issuance of a traffic ticket, even allegedly without probable cause, does not constitute an unlawful seizure in violation of the Fourth Amendment. *DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999) (plaintiff had no § 1983 claim against officer for issuance of a ticket because upon appearing to answer charges in ticket, motorist would have been afforded a trial, while, on date ticket was issued, motorist was free to leave, and thus no seizure occurred); *Martinez v. Carr,* 479 F.3d 1292, 1297–99 (10th Cir.2007) (collecting decisions from the First, Third, Sixth, and Ninth Circuits, and noting that "every court of appeals to address [this] question[ ] has rejected Fourth Amendment claims like" Plaintiffs'; "We conclude that the issuance of a citation, even under threat of jail if not accepted, does not rise to the level of a Fourth Amendment seizure."). Accordingly, Plaintiffs fail to assert a viable Fourth Amendment claim against Defendants Walsh and Taylor.

Plaintiffs also purport to allege a claim against all Defendants pursuant to 42 U.S.C. § 1986 for "neglect to prevent civil rights violations." ECF No. 1, PageID.24–25. To state a cause of action under § 1986, a plaintiff must state a cause of action under 42 U.S.C. § 1985. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 315 (6th Cir.2005) ("But '[w]here plaintiff has stated no cause of action under § 1985, no

cause of action exists under § 1986.'") (quoting *Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir.1990)). To state a claim under § 1985, Plaintiffs must allege the existence of a conspiracy "motivated by racial or other class-based discriminatory animus." *Moore v. City of Garland Heights,* No. 1:12-CV-1700, 2012 WL 5845369, at *8–9 (N.D. Ohio Nov. 19, 2012) (finding that, under both 42 U.S.C. §§ 1985(2) and (3), there must be allegations of racial or other class-based discriminatory animus); *see also Kush v. Rutledge,* 460 U.S. 719, 724–25 (1983) ("The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts … [and] contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."). But even if the Court construes the Complaint liberally, in this case, Plaintiffs have not alleged a violation of 42 U.S.C. § 1985. Here, Plaintiffs' Complaint failed to allege that the events at issue in this case were motivated by racial or other class-based animus, and thus they fail to state a claim under § 1985. *Radvansky,* 395 F.3d at 315 (6th Cir.2005) (upholding dismissal of § 1985 claims "[b]ecause Radvansky has not demonstrated … invidiously discriminatory animus"). And because Plaintiffs failed to allege a claim pursuant to 42 U.S.C. § 1985, their § 1986 claim fails.

### 2. Defendant Jackson-Davis is immune from liability

Plaintiffs assert claims against Defendant Jackson-Davis, the clerk of court, pursuant to 42 U.S.C. § 1983 for violation of his constitutional

rights. As an overview, to state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff also must allege each defendant's personal involvement to state a claim under § 1983 against that defendant. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691–92 (1978). And a municipality may be liable under § 1983 "when it unconstitutionally 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers.'" *DePiero*, 180 F.3d at 786 (quoting *Monell*, 436 U.S. at 690).

The Court finds that Defendant Jackson-Davis is immune from liability to Plaintiffs in this action. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1968); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)). This absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial

immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id*. The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees, therefore, have been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g.*, *id*. at 417–18 (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee) (citing *Patterson v. Von Riesen*, 999 F.2d 1235, 1240–41 (8th Cir. 1993) (warden); *Coverdell v. Dep't of Soc. and Health Servs.*, 834 F.2d 758 (9th Cir. 1987) (social worker); *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986) (sheriff); *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (bailiff)).

Plaintiffs allege that Jackson-Davis refused to file Sedlock's paperwork and told Sedlock he could not access the docket or participate in the hearings unless he admitted he is the person listed as the defendant on the docket. *See* ECF No. 1, PageID.12–13, 15. Those alleged actions are an integral part of the judicial process, and accordingly Jackson-Davis is entitled to absolute immunity from Plaintiffs' claims against her.

13

### 3. Private Party Defendant Wayne Service Inc.

Plaintiffs' allege that Wayne Service Inc. unlawfully towed the 2016 Ford Explorer on or about April 23, 2026 at the request of Defendants Walsh and Taylor. *See* ECF No. 1, PageID.12. As stated above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Wayne Service Inc. is a private entity, and thus it is not subject to suit under § 1983 unless certain discrete circumstances transform its private actions into state actions. *See Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018). The Sixth Circuit has recognized "three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test." *Nelson v. Scott*, No. 24-2095, 2025 WL 3846139, at *2 (6th Cir. Oct. 6, 2025) (per curiam), *cert. denied*, No. 25-7060, 2026 WL 1377044 (U.S. May 18, 2026) (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009)). In the Complaint, Plaintiffs allege only that Wayne Service Inc. acted "in concert with Defendants Taylor and Walsh" to seize the Trust's vehicle. *See* ECF No. 1, PageID.21, 23.

Plaintiffs have not satisfied the public function test because Wayne Service Inc. did not exercise a power that has "traditionally and

exclusively been performed by the government," such as "holding elections, taking private property under the eminent domain power, or operating a company-owned town." *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005). Nor have Plaintiffs satisfied the state compulsion and nexus tests because their allegations do not support a plausible inference that the Defendants Walsh and Taylor "exercised coercive power or ... provided such significant encouragement, either overt or covert, that the choice" to tow the vehicle "must in law be deemed to be that of the government," *United States v. Miller*, 982 F.3d 412, 423 (6th Cir. 2020) (citation modified), or that there was a sufficiently close nexus between the Defendants. *See Nelson*, 2025 WL 3846139, at *2 (finding plaintiffs' "conclusory assertions that the Towing Defendants 'conspired' and were 'inextricably intertwined' with state actors" insufficient to state a § 1983 claim). The mere fact that Walsh and Taylor allegedly called Wayne Service Inc. to tow the vehicle is insufficient. *See Partin v. Davis*, 675 F. App'x 575, 587 (6th Cir. 2017) (finding that defendant towing company and its employees had no "pervasive entanglement" with county sufficient to make them state actors where they had a history of towing vehicles for the county and where they effected a tow at the request of a police deputy pursuant to an allegedly unlawful writ of execution of a civil judgment); *Plummer v. Detroit Police Dep't*, No. 2:17-CV-10457, 2017 WL 1091260, at *4 (E.D. Mich. Mar. 23, 2017) (Cox, J.) ("Even if the police directed the company to tow Plaintiff's

15

vehicle to the company's storage facility, the company's involvement falls short of demonstrating the kind of close nexus with government officials that is necessary to expose it to § 1983 liability."); *Robertson v. Breakthrough Towing, LLC*, No. 19-10266, 2022 WL 4292314, at *7 (E.D. Mich. Sept. 16, 2022) (Goldsmith, J.) ("[C]ase law in this circuit indicates that towing companies are generally *not* state actors under the nexus and state compulsion theories—both at the summary judgment stage and on the face of the pleadings—even when those companies tow vehicles pursuant to government contracts or at the express request of the police.") (emphasis in original and footnotes omitted). Plaintiffs' conclusory assertions in the Complaint that Wayne Service Inc. "acted in concert with Defendants Taylor and Walsh" are wholly insufficient to allege that Wayne Service Inc. is a state actor in this case, and Wayne Service Inc. is not liable to Plaintiffs under § 1983.

. . .

The Court is not unmindful of the serious issue that Sedlock is raising here: he says his vehicle was seized—he thinks unjustifiably—and it was serving as his home and he wants it back. But his unwillingness to participate in the state court proceedings by providing his name and otherwise cooperating as most citizens do, is the reason that he has been unable to pursue the relief he wants. The Court respectfully urges Mr. Sedlock to participate in the legal process available to him, and to consult an attorney if possible. The federal court

has a Pro Se Legal Assistance Clinic that can be reached at (313) 234-2690, or by email at proseclinic@udmercy.edu, which may be able to provide advice, if he is willing to listen.

### III.   CONCLUSION

For the reasons stated above, Plaintiff Nicholas David Paul Sedlock's request to proceed in forma pauperis, ECF No. 2, is **GRANTED**, but Plaintiffs' Complaint is **SUMMARILY DISMISSED**.

Further, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 5, and Motion for Administrative Case Reassignment, ECF No. 8, are **DENIED AS MOOT**.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in forma pauperis in good faith.

This case is now closed.

**IT IS SO ORDERED.**

Dated: July 8, 2026          /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE